

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

11 Texas, Suite 700
ncuston, TX. 77002-3111
7    23-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 5, 1984

Mr. Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College and University System
P. O. Box 12788
Austin, Texas    78711

Opinion No.   JM-240

Re:    Nonresident    tuition
at the Southwest Collegiate
Institute for the Deaf

Dear Mr. Ashworth:

You seek clarification of the proper method of determining nonresident tuition at the Southwest Collegiate Institute for the Deaf [hereinafter SCID]. Specifically, you ask whether the method of determining nonresident tuition at the SCID, which is set forth in section 131.005(b) of the Texas Education Code, is exclusive or whether certain provisions under chapter 54 of the code, which allow certain nonresidents to pay resident tuition, also apply to the SCID.

Chapter 131 of the Education Code created the SCID. Section 131.005 provides for resident and nonresident tuition at the SCID as follows:

> (a) A Texas resident student enrolled in the institute shall pay tuition at the rate provided by law for enrollment at Howard County Junior College and is not exempt from tuition fees under Section 54.205 of this code.

> (b) A student who is not a resident of Texas shall pay tuition at a rate adopted by the board of trustees in accordance with this subsection. Before July 1 of each year, the Coordinating Board, Texas College and University System, shall determine and report to the trustees the estimated average cost to the institute, not including room and board, of educating a student during the academic year beginning the next fall. Based on that estimate, the trustees shall adopt a nonresident tuition rate for the academic year that will result in the institute collecting tuition from each student in an amount approximately equal to the cost of educating the student. (Emphasis added).

Chapter 54 of the Education Code sets forth the provisions for tuition and fees which are _generally_ applicable

> to all institutions of higher education, except
> that as to junior colleges this chapter applies
> only to the extent provided by Section 130.003(b)
> of this code. (Emphasis added).

Sec. 54.002. Resolution of your request depends upon whether the legislature intended that section 131.005 replace chapter 54 as a complete and exclusive statement regarding tuition at the SCID.

No provision of chapter 131 expressly indicates whether the other Education Code provisions apply to nonresident SCID students. Attorney General Opinion JM-24 (1983) concluded that the SCID is not a "public junior college" under chapter 130 of the Education Code and, accordingly, that the restrictions of section 130.003 do not apply to the SCID. The opinion did not address whether the provisions of chapter 54 apply to the SCID. We now conclude that the language in section 131.005 of the code and the unique nature of the SCID compel the conclusion that the tuition provisions in chapter 131 were intended to be exclusive with regard to the SCID.

Section 131.005(a) emphasizes that _resident_ students enrolled in the SCID are not exempted from tuition fees under section 54.205 of the Education Code. Subject to certain qualifying conditions, section 54.205 provides resident deaf and blind students with an exemption from payment of tuition fees at any institution of higher education which uses public funds. Sec. 54.205(b). Thus, the thrust of section 131.005(a) is that its provisions alone control resident tuition at the SCID.

Similarly, section 131.005(b) controls _nonresident_ tuition at the SCID. Although subsection (b) fails to expressly exclude all potentially applicable tuition exemptions which appear elsewhere in the Education Code, the provision sets forth, in mandatory language, an "actual cost" nonresident tuition scheme. Thus, section 131.005(b) specifically replaces the general tuition rates established in chapter 54 of the code. When two statutes conflict with regard to the same subject, the more specific provision controls over the general. _White v. Sturns_, 651 S.W.2d 372 (Tex. App. - Austin 1983, no writ).

The specific nonresident tuition exceptions about which you inquire appear in the same section of the Education Code which establishes tuition rates. See §54.051. As indicated above, the specific provisions of section 131.005(b) supersede the general tuition rates established in section 54.051 with regard to the SCID. We conclude that the legislature also intended section 131.005(b) to exclude the general tuition _exceptions_ appearing in section 54.051.

You express concern that the SCID will not be eligible to receive appropriations unless it complies with a certain provision of the current appropriations act, which provides:

> In order to receive appropriations under this Act, the Southwest Collegiate Institute for the Deaf shall be subject to the rules and regulations related to institutions of higher education contained in this Act and in the Texas Education Code.   (Emphasis added).

Acts 1983, 68th Leg., ch. 1095, art. III, §1, at 6054 (item #16).

This provision of the appropriations act does not purport to require that the SCID comply with all rules and regulations related to institutions of higher education contained in the Texas Education Code.  Section 131.006(a) of the Education Code provides:

> The governing board of the [SCID] may receive appropriations for the institute's operations only if the board operates the institute in compliance with this chapter.

So long as the SCID is operated in compliance with the provisions of chapter 131 and other rules and regulations applicable to it, it is eligible to receive legislative appropriations for authorized purposes.  Attorney General Opinion JM-24 (1983).

## S U M M A R Y

Section 131.005(b) of the Texas Education Code controls the nonresident tuition rate at the Southwest Collegiate Institute for the Deaf to the exclusion of chapter 54 of the Education Code.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood